Filed 3/5/26  P. v. Stepp CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSHUA CALAB STEPP,<br><br>    Defendant and Appellant. | F088762<br><br>(Super. Ct. No. VCF273216A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Joshua Calab Stepp was convicted of second degree murder and arson. On October 25, 2019, he was sentenced to an aggregate term of 47 years to life. Stepp appealed. We remanded the matter for resentencing and for the trial court to conduct a *Franklin*[1] proceeding. (*People v. Stepp* (Jan. 5, 2023, F080237) [nonpub. opn.] (*Stepp*).) At his resentencing hearing, the trial court[2] imposed the same sentence, which included an upper term sentence on the arson conviction. The court also "authorize[d]" a *Franklin* hearing but stated that the hearing was to be conducted by the Board of Parole Hearings (Parole Board), not the court. Stepp again appealed.

On appeal, he argues that: (1) the trial court failed to adequately weigh his mental health issues, substance abuse issues, and youth as mitigating factors when sentencing Stepp; (2) the court erred by "authorizing" a *Franklin* proceeding but concluding that it was not supposed to conduct the proceeding; (3) the court abused its discretion by denying his request to retain a forensic psychologist to conduct an assessment of his "mental health and youth factors" for sentencing purposes and to be included in the *Franklin* materials; and (4) the court erred by failing to calculate his actual days of presentence custody credits through the date of resentencing.

We reviewed the record and directed supplemental briefing on the following issues: "(1) whether the trial court violated [Penal Code] section 1170 or [Stepp]'s right to a jury trial by relying on aggravating factors that were not proven pursuant to [Penal Code] section 1170, subdivision (b), as recently interpreted by *People v. Wiley* [(2025)] 17 Cal.5th 1069; and (2) if the … court erred, was the error harmless?" The parties filed their supplemental briefs, and they agree, as do we, that the court erred and that the error was not harmless.

---

[1]     *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

[2]     The judge who presided over the trials and originally sentenced Stepp did not preside over the resentencing proceedings.

Accordingly, we vacate the sentence and remand this case to the trial court for a full resentencing. Additionally, the court shall conduct a *Franklin* proceeding, and Stepp may renew his request for an expert at court expense.

**PROCEDURAL HISTORY**

On October 19, 2017, the District Attorney of Tulare County filed a first amended information charging Stepp with conspiracy to commit murder (Pen. Code,[3] § 182, subd. (a)(1); count 1); murder (§ 187, subd. (a); count 2); dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 3); conspiracy to dissuade a witness (§ 136.1, subd. (c)(2); count 4); and arson of property (§ 451, subd. (d); count 5). As relevant here, the first amended information also alleged that, as to count 2, the offense was committed for the benefit of a gang (§ 186.22, subd. (b)(1)(C) & (b)(5)) and that he personally used a deadly weapon (§ 12022, subd. (b)(1)). As to counts 2 and 5, the first amended information also alleged that Stepp had a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

On December 8, 2017, the jury found Stepp guilty of count 5, but not guilty of counts 1, 3, and 4. As to count 2, the jury was unable to reach a verdict and the trial court declared a mistrial on that count.

Stepp was subsequently retried on count 2. The jury found him not guilty of first degree murder, but guilty of second degree murder. The jury also found not true that the offense was committed for the benefit of a street gang, but true that Stepp personally used a deadly weapon. At a bifurcated court trial, the trial court found true the prior strike conviction allegation and the prior serious felony conviction allegation.

On October 25, 2019, Stepp was sentenced to an aggregate term of 47 years to life, consisting of: on count 2, 30 years to life (15 years, doubled due to the prior strike conviction), plus one year for the weapon enhancement and five years for the prior

---

[3] All further undesignated statutory references are to the Penal Code.

serious felony conviction enhancement; and on count 5, six years (the upper term, doubled due to the prior strike conviction), plus five years for the prior serious felony conviction enhancement.

He appealed. On January 5, 2023, we remanded the matter "to allow the trial court to reconsider whether an aggravated term is warranted for [Stepp]'s conviction for arson of property" under amended section 1170, subdivision (b) and to hold a *Franklin* proceeding. (*Stepp*, *supra*, F080237.)

On September 26, 2024, the trial court resentenced Stepp. The court imposed the original sentence of 47 years to life, which included the upper term sentence on count 5. The court also stated, "The *Franklin* [proceeding] is not going to happen here, it's going to happen in the prison. It's a parole thing."

On October 8, 2024, Stepp timely filed a notice of appeal.

## FACTUAL SUMMARY[4]

"The facts underlying this appeal occurred in September 2012 when [Stepp] was 23 years old. [Stepp], a former gang member, was involved in causing the death, by stabbing, of another former gang member, whose body was then taken to and left in an orchard. [Stepp] eventually returned to the orchard with a codefendant and his mother, who he had asked to bring a gas can. When [Stepp] and his codefendant reached where they had left the body, they poured gasoline on the victim and a car that had been used in the crime and lit them on fire. The partially burned body and the car were found by a farmworker soon thereafter." (*Stepp*, *supra*, F080237, fn. omitted.)

## PROCEEDINGS ON REMAND

On March 20, 2024, the prosecutor filed a motion for the trial court to impose the same sentence it imposed previously, including the aggravated term on count 5. The prosecutor argued that the court could impose the aggravated term based on Stepp's prior convictions without submitting the issue to a jury.

---

**4** We summarized the facts underlying Stepp's convictions in his prior appeal, *Stepp*, *supra*, F080237, and we use that same summary here.

On July 11, 2024, Stepp filed an amended motion for appointment of an expert at court expense. He asked for appointment of a psychologist to conduct an assessment related to his youth at the time of the offenses (he was 23 years old) and his development. He wanted the assessment to substantiate his potential parole eligibility and to ensure that he would receive a fair sentence.

On July 31, 2024, the trial court denied Stepp's amended motion for appointment of an expert at court expense, explaining as follows:

> "I denied [the] motion based on *People versus Augustus*, that's a 2023-case. It's basically informative as far as what the [c]ourt's responsibilities are and I agree with it. So it's not, per se, a citable case, it's not a published case, but it's something within the record of the [a]ppellate [c]ourt as to their feelings as to the obligations for local courts … to do what was requested; specifically, that[] the Parole Board has people on staff that can do that. So there's no reason for the [c]ourt to grant the motion requested."

On August 22, 2024, Stepp filed a sentencing brief and a supplemental brief. He argued, inter alia, that all enhancements should be dismissed because the offenses were connected to mental illness and childhood trauma (§ 1385, subd. (c)(2)(D)–(E));[5] and that the lower term should be imposed on count 5 because there was nothing aggravating about the conviction, he was a youth when he committed the offenses, and he had experienced psychological or childhood trauma (§ 1170, subd. (b)(6)(A)–(B)). He also

---

[5]     Section 1385, subdivision (c)(1), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2), provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." One mitigating circumstance is that "[t]he current offense [was] connected to prior victimization or childhood trauma." (§ 1385, subd. (c)(2)(E).)

objected to sentencing without an assessment by a qualified mental health professional, "who could inform the court regarding the role his underdeveloped, immature brain played in his convictions, or how his childhood and psychological trauma impacted his convictions." Stepp provided numerous exhibits in support of his filings.

On September 4, 2024, the trial court issued an order denying Stepp's motion for appointment of an expert at court expense.

On September 16, 2024, the prosecutor filed a response to Stepp's sentencing brief. The prosecutor argued that the trial court should not dismiss any enhancements because dismissal of the enhancements would endanger public safety. The prosecutor also argued that the trial court should impose the upper term on count 5 because Stepp was on parole for a strike offense when he murdered the victim in this case and committed arson. The prosecutor provided numerous exhibits in support of his response.

The resentencing hearing was held on September 26, 2024. At the hearing, the trial court ruled as follows:

> "I have gone through the file .… I am going to impose the same sentence previously imposed, although I am going to authorize that he have a *Franklin* hearing opportunity, which means all the evidence needs to be preserved so you can have that hearing. That's something they do through the Parole Board. Okay. So I'm just authorizing that you can have that hearing because of his age at the time of the offenses.

> "I've seen nothing in his prior history, prior to him going to prison and after going to prison, that indicates any kind of rehabilitation. And so, I —and he has an extensive record—an extensive serious record, which I believe justifies the aggravated term on the arson conviction. Okay. So he's basically getting the same sentence he had before, except adding the *Franklin*."

At the end of the hearing, the prosecutor stated that Stepp would likely be transported back to prison prior to the *Franklin* proceeding being placed on calendar. The trial court responded, "The *Franklin* is not going to happen here, it's going to happen in the prison. It's a parole thing."

DISCUSSION

I. **The Trial Court Erred by Relying on an Aggravating Factor Not Proved in Compliance with Section 1170, Subdivision (b) and the Error Was Not Harmless**

A. *Section 1170*

On January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) went into effect, amending section 1170. Section 1170 now authorizes a trial court to "impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) However, the court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

While not directly addressing section 1170, in *Erlinger v. United States* (2024) 602 U.S. 821, the United States Supreme Court held that, under the Fifth and Sixth Amendments, "[v]irtually 'any fact' that ' "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" ' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (*Id*. at p. 834.) An exception to this allows a trial court to "find *only* 'the fact of a prior conviction.' [Citation.] Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id*. at p. 838, italics added.)

In *People v. Wiley*, *supra*, 17 Cal.5th 1069 (*Wiley*), our Supreme Court addressed section 1170, subdivision (b)(3)'s prior conviction exception in light of the holding in *Erlinger*. "To avoid any application that would set section 1170[, subdivision ](b)(3) at odds with the high court's constitutional interpretation, [the court] interpret[ed] section 1170[, subdivision ](b)(3)'s procedure in a manner that is coextensive with high

court dictates." (*Id*. at p. 1086, fn. omitted.)  Thus, in accordance with *Erlinger*, the court held that "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Ibid*., fn. omitted.)  The court also addressed two specific aggravating factors, the increasing seriousness of a defendant's prior convictions (Cal. Rules of Court,[6] rule 4.421(b)(2)) and a defendant's unsatisfactory performance on probation or parole (rule 4.421(b)(5)), and held that each must be found true by a jury before it can be used to justify an upper term sentence. (*Wiley*, at pp. 1082–1086.)

### B.  Standard of Review

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman*[7] standard of review.  [Citations.]  Under that standard, 'a sentence imposed under … section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1087.)

### C.  Analysis

Stepp argues that the trial court violated the Sixth Amendment by imposing an upper term sentence on count 5 because it relied on an aggravating factor that was not found true beyond a reasonable doubt by a jury.  He further argues that the error was not harmless.  The People agree, as do we.

In selecting the upper term on count 5, the trial court relied on Stepp's "extensive serious record."  While the court did not refer to any specific aggravating factor, it

---

[6]     Undesignated rules references are to the California Rules of Court.

[7]     *Chapman v. California* (1967) 386 U.S. 18.

appears the court relied on, at the very least, the increasing seriousness of his prior convictions or sustained juvenile petitions (rule 4.421(b)(2)). However, our Supreme Court held in *Wiley* that a jury determination is required before a court can rely on this aggravating factor to justify an upper term sentence. (*Wiley*, *supra*, 17 Cal.5th at p. 1082.) Here, there was no jury trial, stipulation, or jury trial waiver on this factor in aggravation. Accordingly, the court's reliance on this factor to impose an upper term sentence was error.

Moreover, this error was not harmless. Based on the record before us, it appears that, on November 16, 2007, Stepp was convicted of: (1) burglary (§ 459), a misdemeanor; (2) possession of burglary tools (§ 466), a misdemeanor; and (3) being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), a misdemeanor. On July 29, 2008, Stepp was convicted of committing: (1) attempted carjacking (§§ 215, subd. (a), 664), with a weapon enhancement (§ 12022, subd. (b)(1)) on or about March 6, 2008, a felony; and (2) burglary of a vehicle (§ 459) on or about March 6, 2008, a felony.

The determination of whether these prior convictions are of increasing seriousness is a "comparative and qualitative one," which makes it " ' " 'difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court.' " ' " (*Wiley*, *supra*, 17 Cal.5th at p. 1090.) Such a difficulty exists here. While there is evidence that Stepp's offenses progressed from misdemeanors to felonies, the record before us is insufficient for us to conclude beyond a reasonable doubt that a jury would have found this aggravating factor true. (See *id*. at p. 1089 ["The Attorney General argues that the progression of Wiley's offenses over time from misdemeanors to felonies demonstrates a clear trend from less serious offenses towards more serious ones. That may be. But a rational juror may not have been persuaded beyond a reasonable doubt by that fact

alone."].)  As we cannot conclude beyond a reasonable doubt that a jury would have found this aggravating factor true, the error was not harmless.  (*Wiley*, at p. 1087.)

As the trial court erred and the error was not harmless, we will vacate the sentence and remand the case for a full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)[8]

## II.    The Trial Court Erred by Failing to Conduct a *Franklin* Proceeding

In our prior opinion, we remanded the matter, in part, for the trial court to conduct a *Franklin* proceeding.  (*Stepp*, *supra*, F080237.)  In this appeal, Stepp argues that the trial court failed to conduct the proceeding.  The People disagree, arguing that while the court may have used the wrong terminology, it correctly "understood the core purpose of its role to preserve evidence."  The People also argue that Stepp forfeited this argument by failing to object.

"A *Franklin* proceeding gives 'an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the [Parole] Board, years later, may properly discharge its obligation to "give great weight to" youth-related factors (§ 4801, subd. (c)) in determining whether the offender is "fit to rejoin society." ' "  (*In re Cook* (2019) 7 Cal.5th 439, 449, fn. omitted.)

Without deciding whether Stepp's claim was forfeited, given the procedural posture of this case, we elect to exercise our discretion to address Stepp's claim.  (*People*

---

[8]    As we are vacating the sentence and remanding for a full resentencing, we do not address Stepp's argument that the trial court also failed to adequately weigh his mental health issues, substance abuse issues, and youth as mitigating factors when sentencing him.  There is also no need for us to order the court to calculate Stepp's actual days of presentence custody credits through the date of the resentencing hearing that already occurred.  However, we do note that the court is required to make this calculation at the second resentencing hearing.  (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 41.)

*v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].)

When the prosecutor stated that Stepp would likely be transported back to prison prior to the *Franklin* proceeding being scheduled, the trial court responded, "The *Franklin* is not going to happen here, it's going to happen in the prison. It's a parole thing." That comment suggests a misunderstanding of the trial court's role in preserving evidence of youth-related characteristics for later consideration by a Parole Board. "[B]ecause section 4801, subdivision (c) requires the [P]arole [B]oard to consider youth-related factors during parole hearings for youthful offenders, *Franklin* proceedings should be provided to … all … defendants [including those] who are statutorily ineligible for a [Youthful Offender Parole Hearing (YOPH)] under section 3051." (*People v. Delgado* (2022) 78 Cal.App.5th 95, 103–104.)

In *Franklin*, the appellate court concluded it was unclear from the trial record whether the defendant had a sufficient opportunity at sentencing to "make an accurate record of [his youth-related] characteristics and circumstances at the time of the offense" to enable the Parole Board to "properly discharge its obligation to 'give great weight to' youth-related factors." (*Franklin*, *supra*, 63 Cal.4th at p. 284.) The *Franklin* court, therefore, remanded the case for the trial court to determine whether the defendant had an opportunity to make such a record, establishing what is known as a "*Franklin* proceeding." (*Id*. at pp. 286−287.) It is the trial court then that receives "any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Id*. at p. 284.) The record made during the trial court's *Franklin* proceeding in large part enables the Parole Board to afford youth-related factors the weight those factors must be given.

Stepp is correct that the trial court failed to conduct a *Franklin* proceeding. Nothing in the record reflects any proceeding at which Stepp was given the opportunity to present evidence of his characteristics and circumstances at the time of the offense in order to preserve that evidence for consideration at a later parole hearing. Nor does the record reflect a *Franklin* package was created or sent to the Department of Corrections and Rehabilitation. (See § 1203.01, subd. (a); *In re Cook*, *supra*, 7 Cal.5th at pp. 452–453.) While, as the People argue, the trial court knew it was supposed to preserve evidence, the record shows that the trial court never conducted a *Franklin* proceeding.[9]

Accordingly, we will remand this case for a *Franklin* proceeding.

**III.    On Remand, Stepp May Renew His Motion for an Expert at Court Expense**

The trial court denied Stepp's motion for appointment of a psychologist at court expense for use at a *Franklin* proceeding, explaining that "there's no reason for the [c]ourt to grant the motion" because "the Parole Board has people on staff that can do that." He argues this ruling was erroneous as a matter of law. We agree. While the People argue that the court did not abuse its discretion, the People do not defend the trial court's reasoning or cite to any case that supports it. Additionally, after conducting our own research on the matter, we were unable to find any authority suggesting such motions should be denied solely because the Parole Board has relevant experts on staff who can conduct the relevant assessments.

Accordingly, the trial court abused its discretion when it denied Stepp's motion. (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746 ["when a trial

---

[9]    According to the People, "the trial court may have confused terminology regarding a *Franklin* proceeding versus a [YOPH], being under the impression that a *Franklin* hearing was something conducted through the [P]arole [B]oard." This asserted confusion is not at all clear from the record. Even if the People were correct about the trial court's intent, the court's ruling remains problematic. If the court meant to authorize a YOPH when it authorized "a *Franklin* hearing opportunity," such authorization would be contrary to our holding that Stepp is not entitled to such a hearing. (*Stepp*, *supra*, F080237.)

12.

court's decision rests on an error of law, that decision is an abuse of discretion"].) However, we will not direct the court to grant Stepp's motion, which is the relief he requests on appeal. Instead, because the court erred as a matter of law but has "broad discretion" in determining whether an expert should be appointed to assist Stepp (see *People v. Stuckey* (2009) 175 Cal.App.4th 898, 916, 919), we will allow him to renew his request for an expert at court expense below so that the court can exercise its broad discretion.

## **DISPOSITION**

The sentence is vacated and the matter is remanded. On remand: (1) the trial court shall conduct a full resentencing consistent with this opinion; (2) the court shall conduct a *Franklin* proceeding; and (3) Stepp may renew his request for an expert at court expense.

HARRELL, J.

WE CONCUR:

HILL, P. J.

FRANSON, J.

13.